IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BERNARD R. SCOTT, Sr.,
    Plaintiff,
    v.
JOHN E. WETZEL, SECRETARY,
PENNSYLVANIA DEPARTMENT OF
CORRECTIONS, et al.,
    Defendants

Case No. 2:13-cv-1149-KAP

## Report and Recommendation

### Recommendation

Plaintiff Scott, an inmate at S.C.I. Pine Grove, filed an amended complaint that I have screened under 28 U.S.C.§ 1915A and recommend be dismissed for failure to state a claim. No further leave to amend should be granted.

### Report

Scott was transferred from Albion to Pine Grove in March 2013. With his original complaint filed in August 2013, Scott attached almost 200 pages of grievances and responses to grievances or complaints that Scott has filed alleging that employees of the Pennsylvania Department of Corrections have violated his constitutional rights. After screening and finding the original complaint to lack any colorable claim of a violation of any constitutional right I ordered Scott to file an amended complaint. Scott filed an amended complaint on September 24, 2013, docket no. 8, followed a week later by another amended complaint docketed as a supplement, docket no. 10. Screening the two documents as one amended complaint and reviewing the original complaint and exhibits as well, I recommend that the complaint be dismissed for failure to state a claim. No further leave to amend should be granted.

From hints and inferences in the complaints and exhibits,

Scott has been in the custody of the Pennsylvania Department of Corrections since about 1996 and has accumulated many misconducts that have resulted in disciplinary confinement time of more than a decade. Scott also has filed grievances and complaints about every facet of his prison environment, and they are responded to by personnel at the prisons where he is confined or by the chief grievance appeal officer at the top of the three tier grievance system established by DC-ADM 804.

Scott alleges two inconsistent claims, that personnel within Pennsylvania Department of Corrections transferred him to Pine Grove "for no other reason than to be physically, verbally, psychologically, and sexually abused by the correctional staff," and transferred him "in retaliation" for filing grievances. Other than conclusory allegations preceded by "upon information and belief," Scott again provides no factual allegations in support of either claim.

Fed.R.Civ.P. 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim **showing** that the pleader is entitled to relief." (my emphasis) The Supreme Court held, in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), that:

> **First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.** Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed

with nothing more than conclusions. **Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.** *Id.,* at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But **where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."** Fed. Rule Civ. Proc. 8(a)(2). (my emphasis).

By his allegations, in the last 17 years Scott has been in Camp Hill, Greene, Mahanoy, Graterford, Cresson, Fayette, Albion, and now Pine Grove. In addition to at least one criminal conviction for assault on a corrections officer, Scott has accumulated disciplinary sanctions that will keep him in the RHU until 2015. Upon his arrival at Pine Grove the Program Review Committee has been cutting his disciplinary custody time as an incentive to maintain a misconduct free record.

If it had not been not an expensive waste of judicial time to review, Scott's suggestion that his transfer was deliberately ordered to torture him would be laughable. As for his claim that the same transfer was retaliation, there is not a single factual allegation that makes such a claim plausible. After Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir.2003), a claim of retaliation requires Scott to allege facts sufficient to permit the plausible inferences that: (1) Scott took some action itself protected by the constitution; (2) that a named defendant took adverse action against Scott that would be sufficient to deter a person of ordinary firmness from persisting in the same conduct; and (3) that there was a causal connection between Scott's

3

protected conduct and the named defendant's adverse action.

Scott alleges that he files grievances, and that is certainly protected conduct under the circuit's settled precedent. Turning to the second element, simply moving an inmate from prison to prison is insufficient as a matter of law to constitute adverse action. The cases are too numerous to cite that hold an inmate has no liberty interest in which prison he is assigned to (with the exception of being transferred to a mental hospital or a supermax facility) or the custody level within that prison. To allege adverse action Scott must at least allege facts permitting an inference that **this** prison transfer would reasonably deter grievances from a reasonable inmate. And of course, the transfer certainly has not deterred Scott himself; in fact it appears that Scott has been unusually prolific in writing grievances since his arrival at Pine Grove.

Implicit in every cause of action is that the plaintiff has suffered some injury for which a named defendant is legally responsible. This is no less true of a retaliation claim. Yet Scott alleges no damages or injury of any kind from the alleged retaliation.

Finally, Scott fails to allege the third element of the retaliation claim, a plausible connection between his grievances and his transfer. Causation cannot be inferred from the temporal sequence of grievance followed by some event alleged to be retaliation. Even in general litigation such temporal proximity standing alone permits only a but-for connection, and not that

there was any retaliatory motive behind the latter event. See Cardenas v. Massey, 269 F.3d 251, 264 (3d Cir.2001) ("[T]emporal proximity alone will be insufficient to establish the necessary causal connection when the temporal relationship is not unusually suggestive.") (quoting, ultimately, Krouse v. American Sterilizer Co., 126 F.3d 494, 503 (3d Cir.1997)). Scott offers nothing to suggest why the Secretary of the Pennsylvania Department of Corrections would even have time to know of his existence, much less follow his grievance filings. As for the other three named defendants, they are at Pine Grove, not Albion, and why any person at the receiving prison would have the incentive to reach out to acquire an inmate at the sending prison **because of** that inmate's grievance filings is not only not alleged but probably inexplicable. At the very least there are no facts alleged that are "unusually suggestive" of a connection between Scott's grievances and Scott's transfer, much less that the named defendants were motivated by it.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 27 November 2013

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Bernard R. Scott Sr. DG-5772
S.C.I. Pine Grove
191 Fyock Road
Indiana, PA 15701

5